■ BROWN, HARRIS, STEVENS Co., INC., Appellant, v WILLIAM B. MAY COMPANY INC. et al., Respondents. [628 NYS2d 645]

—Order, Supreme Court, New York County (Walter Tolub, J.), entered February 2, 1994, which granted defendants' motion to set aside the jury verdict as a matter of law and entered judgment in favor of defendants, unanimously affirmed, without costs.

The trial court properly determined that this record demonstrates no valid line of reasoning or permissible inferences which allow for the jury's verdict finding a right of plaintiff to share in the brokerage commission under the extender clause of the exclusive brokerage agreement (*Mirand v City of New York*, 84 NY2d 44, 48-49; *Cohen v Hallmark Cards*, 45 NY2d 493, 499). There was no evidence at trial to sustain the requirement under the extender clause that at termination of the exclusive brokerage, on-going negotiations were then taking place with the ultimate purchasers, who purchased the apartment many months later and after the apartment was taken off the market to allow for the seller's sojourn in Australia.

Contrary to plaintiff's claim, the extender clause required ongoing negotiations at the time of the termination of the exclusive brokerage agreement and there is simply no proof that that condition was met. Accordingly, the court properly set aside the jury's verdict. Concur—Rosenberger, J. P., Ellerin, Kupferman, Tom and Mazzarelli, JJ.